UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

THE STABLES TOY MART AND GARDEN          Index No.: 16-02190(SJF)(ARL)
CENTER INC.,

                     Plaintiffs,          **STIPULATION**
                                            **OF SETTLEMENT**

    -against-

JCNSL LLC, JOHN CANNARELLI, JARDEN
ENTERPRISES INC. and DANIEL CAPURSO,

                     Defendants.

-------------------------------------------------------------X

## R E C I T A L S :

    A.    Plaintiff, The Stables Toy Mart and Garden Center Inc., operates a nursery and garden center business at 1141 Deer Park Avenue, North Babylon, New York, 11703 under the name "The Stables Toy Mart and Garden Center Inc." ("Stables North Babylon");

    B.    Defendants Jarden Enterprises Inc. ("Jarden") and Daniel Capurso ("Capurso), a shareholder of Jarden, formerly operated a nursery and garden center under the name "Stables Nursery and Garden Center" at 80 Montauk Highway, East Moriches, New York, 11940 ("Stables East Moriches");

    C.    Defendants JCNSL, LLC and John Cannarelli, a member of JCNSL, LLC (collectively, and together with non-party Bay Nursery Corp., the "Bay Gardens Defendants"), acquired, among other things, the assets, real property and good will of Stables East Moriches from defendants Jarden and Capurso pursuant to certain written agreements dated September 15, 2014, as amended (the "Purchase Agreements");

    D.    The Bay Gardens Defendants now operate a nursery, garden center, and landscaping business at 80 Montauk Highway, East Moriches, New York, 11940 and upon adjacent land, under the names, _inter alia_, "Stables Garden Center of East Moriches", "Stables

Nursery at Bay Gardens", "Bay Gardens Nursery", and "Stables Garden Center of East Moriches, Inc." (collectively, "Bay Gardens Nursery");

E.     Stables North Babylon commenced the above-captioned action  (the "Action") against the Bay Gardens Defendants, Jarden and Capurso (collectively, the "Defendants"), alleging, inter alia, that Stables North Babylon is the owner of the name and trade and service mark "Stables", that Defendants Jarden and Capurso were implied licensees who were not authorized to sell or transfer the Stables name and good will and that the Bay Gardens Defendants' use or inclusion of the name "Stables" in connection with the operations of the business of Bay Gardens Nursery, its marketing and advertising including, inter alia, via its current website located at www.stablesgardencenter.com (the "Disputed Website") and disputed domain name, www.stablesgardencenter.com (the "Disputed Domain Name"), constitute an infringement upon Stables North Babylon's common law trade and service mark claimed to be owned by Stables North Babylon, including the name "Stables", interferes with Stables North Babylon's claimed trademark rights including in its website and domain name located at www.stablesgarden.com (the "Stables North Babylon Website"), and asserting claims of trademark infringement, unfair competition, dilution, violations of the Anti-Cybersquatting Consumer Protection Act and related statutory and New York common law claims (the "Stables North Babylon Claims");

F.     All Defendants timely interposed Answers denying the Stables North Babylon Claims and asserting affirmative defenses;

G.     Stables North Babylon filed a motion for a preliminary injunction pursuant to Fed. R. Civ. P. Rule 65 in the Action;

H.     The parties (collectively, "Parties" and each a "Party") participated in a voluntary Mediation conducted before Mark E. Isserles, Esq., Mediator, under the administration of JAMS on September 26, 2016 (the "Mediation");

762574.7                                        2

I.      As a result of the Mediation, the Parties have prepared and executed a Term Sheet (annexed hereto as Ex. A), which Term Sheet sets forth "*the principal terms of an agreement to be memorialized in a full form agreement*" settling the Action (the "Settlement Term Sheet"); and

J.      The Parties are herewith entering into this Stipulation of Settlement (the "Stipulation of Settlement") as the "Full Form Agreement" provided for pursuant to the Settlement Term Sheet.

IT IS THEREFORE STIPULATED AND AGREED by and among the Parties and their undersigned counsel, in consideration of the mutual promises of the Parties set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, as follows:

1.      The Action shall be, and hereby is settled pursuant to, subject to, and upon the terms and conditions set forth below.

2.      Upon full execution of this Settlement Agreement, Defendants acknowledge that Stables North Babylon is the sole owner of the name, service mark and/or trademark "Stables" and any similar mark, including all singular and plural references, upper and lower case letters and all variations thereof, and further including by way of example only, Stable, STABLES and/or stables (the "Stables Mark").

3.      Except as provided in this Stipulation of Settlement, Jarden and Capurso shall not use the Stables Mark or any name or mark confusingly similar to the Stables Mark in any manner and/or in connection with any business in which they have an ownership interest now or in the future. Except as provided in this Stipulation of Settlement, the Bay Gardens Defendants shall not use the Stables Mark or any name or mark confusingly similar to the Stables Mark in any manner.

762574.7                                                        3

4.      Except as provided in this Stipulation of Settlement, the Bay Gardens Defendants: (a) shall immediately remove all use of the Stables Mark in connection with the Disputed Website, including but not limited to in the body, text, images, videos, any other media (now or hereafter existing), code (including, without limitation, source code) and/or meta tags; and (b) shall not use the Stables Mark on any other website or in connection with any domain name, social media or other media (now or hereafter existing) except that they may include a single reference in the "*history section*", "*about section*", or equivalent section of their website using the domain name located at www.baygardensny.com, the statement that "*In 2015, Bay Gardens acquired the business of Stables Garden Center of East Moriches*" through and including July 1, 2017, but not thereafter.

5.      Upon full execution of this Stipulation of Settlement, Stables North Babylon hereby grants to the Bay Garden Defendants a limited non-exclusive, non-transferable license authorizing the use of the Stables Mark in the Disputed Domain Name solely in connection with the Disputed Website or a website for Bay Gardens Nursery, including without limitation any mobile or other version thereof, through and including December 31, 2018, subject to the following conditions:

a.      The Bay Gardens Defendants shall not redirect or forward any traffic from the Disputed Domain Name to any domain name other than www.baygardensny.com or any other domain name owned by the Bay Gardens Defendants used in connection with the Bay Gardens Nursery;

b.      The Bay Gardens Defendants shall immediately insert a disclaimer in the text of the "home" and "contact" page of the Disputed Website which shall be reasonably visible stating: "*Bay Gardens Nursery is in no manner associated or affiliated with the business of Stables Toy Mart and Garden Center, Inc. of North Babylon*";

c.     The Bay Gardens Defendants shall not otherwise use or include the Stables Mark in the body, text, images, videos, any other media (now or hereafter existing), code (including, without limitation, source code) and/or meta tags of the Disputed Website or any other website or domain name owned or used by the Bay Gardens Defendants, including www.baygardensny.com;

d.     The use of the Disputed Website and the marketing and promotion of the business of the Bay Garden Defendants through the use of the Disputed Domain Name shall be undertaken in a commercially reasonable and lawful manner which does not unreasonably create or impose liability upon, or result in injury or harm to Stables North Babylon or its business.  If Stables North Babylon reasonably believes that there is a breach of this provision, then it shall promptly notify the Bay Gardens Defendants and the Bay Gardens Defendants shall have the right to cure and shall take all reasonable measures to cure the breach within ten (10) business days from actual receipt of such notice;

e.     The Bay Gardens Defendants will not purchase or use any online, mobile, social media or application related advertising or marketing (including, without limitation, Google AdWords), code (including, without limitation, source code), metadata or meta tags which include the Stables Mark in connection with the use, promotion, advertising or marketing of their business through the Disputed Website, the Disputed Domain Name or otherwise;

f.     The Bay Gardens Defendants shall not sell, assign, license, sub-license, transfer, convey or dispose of the Disputed Domain Name except in accordance with the terms of this Stipulation of Settlement and they shall not permit others to utilize, market, or exploit the Disputed Domain Name;

g.     The Bay Gardens Defendants shall keep the Disputed Domain Name active and shall not allow the registration of the Disputed Domain Name to expire, and shall pay all registration and hosting fees and expenses required to maintain the Disputed Domain Name,

762574.7                                          5

through the date the Bay Gardens Defendants transfer the Disputed Domain Name to Stables North Babylon as provided in this Stipulation of Settlement; and

h.      The Bay Gardens Defendants acknowledge that this limited non-exclusive license granted by Stables North Babylon is not a "naked license," that Stables North Babylon is relying upon the Bay Gardens Defendants' adherence to the terms of the limited non-exclusive license in protecting the Stables Mark against infringement and other unlawful use.

6.      The Bay Gardens Defendants will execute any and all documents and will undertake any and all actions, in an expeditious and commercially reasonable manner which are reasonably required to transfer ownership or registration of the Disputed Domain Name to Stables North Babylon so as to be effective no later than December 31, 2018, including by reasonably cooperating with Stables North Babylon, the registrar of the domain name located at www.stablesgardencenter.com, currently, Network Solutions, LLC, or third-parties necessary to effect such transfer.

7.      Stables North Babylon agrees that following the transfer of the Disputed Domain Name, Stables North Babylon will not itself use, promote, advertise, market, sell, assign, license, transfer, or convey the Disputed Domain Name for any purpose and in any manner, it being the intention of the Parties that the Disputed Domain Name and the Disputed Website shall become and remain inactive. Stables North Babylon agrees to register, re-register and continue to pay all registration fees for a period of three (3) years from the date of transfer so as to retain ownership of the Disputed Domain Name during that time; provided, however, that nothing herein shall obligate Stables North Babylon to maintain the Disputed Domain Name thereafter.

8.      The Bay Gardens Defendants shall discontinue the use of the Facebook page located at www.facebook.com/stablesgardencenter/ (the "Stables Facebook page") and all other Facebook pages, accounts or content created or caused to be posted by the Defendants which include the Stables Mark, effective on July 1, 2017, and shall take all reasonable steps to

"merge" the Stables Facebook page into the Bay Gardens Facebook page located at www.facebook.com/baygardensny/ ("Bay Gardens Facebook page"). If the Stables Facebook page cannot be merged into the Bay Gardens Facebook page, then the Stables Facebook page and all content on such Facebook page, including, without limitation, all posts, photos, videos, reviews, "Likes", and events, must be deleted promptly. If the Bay Gardens Defendants cannot effect such merger or deletion, they shall promptly so notify Stables of North Babylon in writing. In addition, and subject to the foregoing, upon the full execution of this Stipulation of Settlement, the Bay Gardens Defendants shall take all reasonable steps to immediately discontinue and remove references to the Stables Mark in any other social media (including, without limitation, LinkedIn, Twitter, Instagram, Pinterest, Snapchat and/or Google+), online accounts, applications, third-party websites and all other media which the Bay Gardens Defendants created or caused to be posted.

9.    The Bay Gardens Defendants shall be authorized to include the phrase "*formerly known as Stables of East Moriches*" in connection with all print and media advertising for Bay Gardens Nursery through and including December 31, 2016, but not thereafter.

10.    Notwithstanding anything to the contrary contained herein, it is agreed that Capurso may retain the stablesem@aol.com email account but shall not use it in connection with any garden center or nursery business and Capurso shall terminate any other email accounts utilizing the Stables Mark.

11.    Promptly following the full execution of this Stipulation of Settlement, the Bay Gardens Defendants shall take the following additional steps, in an expeditious and commercially reasonable manner:

a.    Terminate the stablesgardencenter@gmail.com email account and any other email accounts utilizing the Stables Mark);

    b.    Remove the physical exterior sign or signs at the Bay Gardens Nursery or elsewhere which includes the Stables Mark;

    c.    Refrain from using the Stables Mark in any other aspect of their business, including answering telephones, sales receipts, merchandise tags and the like; and

    d.    Change or abandon the New York corporate name of "Stables Garden Center of East Moriches Inc.".

12.    The Parties agree not to disparage, denigrate or make any derogatory statements about or references concerning any of the corporate entities and Parties in any website, social media, or advertising which is directed to the public generally, and their respective counsel shall not disseminate, promote or advertise the foregoing settlement or the Settlement Term Sheet to the media, or the press, including in any marketing or advertising by the Parties' law firms on their websites, social media application or in their advertising materials.

13.    Except for and apart from the obligations created by or arising under this Stipulation of Settlement, Stables North Babylon, and its subsidiaries, shareholders, successors, directors, officers, employees, agents, legal representatives, successors and assigns (the "Stables North Babylon Releasors") hereby release Jarden and Capurso and their heirs, shareholders, successors, directors, officers, employees, agents, legal representatives and assigns (the "Capurso Releasees") from any and all claims, liabilities, actions, causes of action, proceedings, suits, debts, dues, sums of money, accounts, covenants, contracts, controversies, agreements, promises, damages, judgments, execution claims and demands of whatever nature, in law or in equity, direct or indirect, known or unknown, matured or not matured, which against the Capurso Releasees the Stables North Babylon Releasors, ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter or claim from the beginning of the world to the date hereof, relating to the claims asserted in the Action, the Stables North Babylon Claims, the

Stables Mark, the Purchase Agreements; and except that third-party claims and claims related thereto shall not be so released.

14.   Except for and apart from the obligations created by or arising under this Stipulation of Settlement, Jarden and Capurso and their heirs, shareholders, successors, directors, officers, employees, agents, legal representatives, successors and assigns (the "Capurso Releasors") hereby release Stables North Babylon, and its subsidiaries, shareholders, successors, directors, officers, employees, agents, legal representatives, successors and assigns (the "Stables North Babylon Releasees") from any and all claims, liabilities, actions, causes of action, proceedings, suits, debts, dues, sums of money, accounts, covenants, contracts, controversies, agreements, promises, damages, judgments, execution claims and demands of whatever nature, in law or in equity, direct or indirect, known or unknown, matured or not matured, which against the Stables North Babylon Releasees the Capurso Releasors ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter or claim from the beginning of the world to the date hereof, relating to the claims asserted in the Action, the Stables North Babylon Claims, the Stables Mark, the Purchase Agreements; and except that third-party claims and claims related thereto shall not be so released.

15.   Except for and apart from the obligations created by or arising under this Stipulation of Settlement, Stables North Babylon, and its subsidiaries, shareholders, successors, directors, officers, employees, agents, legal representatives, successors and assigns (the "Stables North Babylon Releasors") hereby release John Cannarelli, JCNSL, LLC and non-party Bay Nursery Corp. (misidentified as Bay Gardens Nursery Corp.) and their heirs, shareholders, successors, directors, officers, employees, agents, legal representatives and assigns (the "Bay Gardens Releasees") from any and all claims, liabilities, actions, causes of action, proceedings, suits, debts, dues, sums of money, accounts, covenants, contracts, controversies, agreements, promises, damages, judgments, execution claims and demands of whatever nature, in law or in

9

equity, direct or indirect, known or unknown, matured or not matured, which against the Bay Gardens Releasees the Stables North Babylon Releasors, ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter or claim from the beginning of the world to the date hereof except that third-party claims and claims related thereto shall not be so released.

16. Except for and apart from the obligations created by or arising under this Stipulation of Settlement, John Cannarelli, JCNSL, LLC and non-party Bay Nursery Corp. (misidentified as Bay Gardens Nursery Corp.) and their heirs, shareholders, successors, directors, officers, employees, agents, legal representatives and assigns (the "Bay Gardens Releasors") hereby release Stables North Babylon, and its subsidiaries, shareholders, successors, directors, officers, employees, agents, legal representatives, successors and assigns (the "Stables North Babylon Releasees") from any and all claims, liabilities, actions, causes of action, proceedings, suits, debts, dues, sums of money, accounts, covenants, contracts, controversies, agreements, promises, damages, judgments, execution claims and demands of whatever nature, in law or in equity, direct or indirect, known or unknown, matured or not matured, which against the Stables North Babylon Releasees the Bay Gardens Releasors ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter or claim from the beginning of the world to the date hereof except that third-party claims and claims related thereto shall not be so released.

17. The releases provided for in paragraphs "13", "14", "15" and "16" above do not and shall not be deemed or construed to constitute a release in any manner among and between the Defendants or any of them concerning any claims they have, may have, or may claim or assert against one another arising out of or relating to the Action, the Purchase Agreements, the Stables North Babylon Claims or the operations of the Bay Gardens Nursery or the Stables East Moriches Nursery.

10

18.     Except for the rights and obligations created or arising under this Stipulation of Settlement, this Stipulation of Settlement is otherwise entered into with no acknowledgment or admission of liability on the part of any Party.

19.     If any Party reasonably believes there is a breach of this Stipulation of Settlement by another Party, then the complaining party shall promptly notify the breaching party thereof by written notice to cure in accordance with the notice provisions in paragraph 20 below, and the breaching party shall have the right to cure and shall take all reasonable measures to cure the breach within ten (10) business days from actual receipt of such notice.

20.     All notices hereunder shall be transmitted via email and first-class mail to the email and mailing addresses designated for the Parties and their counsel below.

If to the Bay Gardens Defendants:

John Cannarelli
Bay Gardens Garden Center
80 Montauk Hwy
East Moriches, NY 11940
Email: nsland@aol.com
        and

Robert Calica, Esq.
Rosenberg, Calica & Birney LLP
100 Garden City Plaza, Suite 408
Garden City, New York 11530
Email: rob@rcblaw.com

If to Jarden and Capurso:

Daniel Capurso
211 Wyandanch Road
Sayville, New York 11782
Email: stablesem@aol.com
        and

Linda U. Margolin, Esq.
Bracken Margolin Besunder LLP
1050 Old Nichols Rd., Suite 200
Islandia, NY 11749
Email: LMargolin@bmblawllp.com

If to Stables North Babylon:

762574.7                                                11

Ralph Capurso, III
The Stables Toy Mart and Garden Center Inc.
1141 Deer Park Avenue
North Babylon, New York 11703
Email: admin@stablesgardens.com
        and

Loretta M. Gastwirth, Esq.
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, New York 11501
Email: lgastwirth@meltzerlippe.com

21.   The Parties represent and acknowledge that in entering into this Stipulation of Settlement, they do not rely upon and have not relied upon any representations or statements beyond those contained in this Stipulation of Settlement.  This Stipulation of Settlement constitutes the entire agreement and understanding between the Parties with respect to the matters contained herein and therein, and there are no prior oral or written promises, representations, warranties, conditions, provisions, or terms related thereto other than those set forth in this Stipulation of Settlement.  Any conflict between the provisions of the Settlement Term Sheet and the Stipulation of Settlement shall be resolved in favor of this Stipulation of Settlement, which shall govern.

22.   This Stipulation of Settlement may not be changed or modified except by the execution of a writing signed by all of the Parties.

23.   This Stipulation of Settlement is intended to, and shall, bind and inure to the benefit of the Parties, and their respective successors, assigns, heirs, and legal representatives.

24.   This Stipulation of Settlement shall be construed in accordance with the laws of the State of New York without regard to its conflicts of laws principles.

25.   This Stipulation of Settlement is a compromise of disputed claims and has been entered into to avoid the time, expense, uncertainty, and inconvenience of contested litigation. This Stipulation does not constitute an adjudication or finding on the merits of any of the Parties' claims or allegations.

12

762574.7

26.    The Parties hereto participated jointly in the preparation of this Stipulation of Settlement and each Party has had the opportunity to review, comment upon and revise this Stipulation of Settlement.  Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party and any uncertainty and ambiguity shall not be interpreted against any Party in favor of the other.

27.    The Parties shall cooperate to effectuate the purposes of this Stipulation of Settlement and shall execute reasonable and customary documents and take reasonable and customary actions which may be necessary or appropriate to give full force and effect to the terms of this Stipulation of Settlement.

28.    The Parties and each of them represent and warrant that they have read and understand the provisions of this Stipulation of Settlement, have received advice from independent counsel of their own choice regarding its terms, have signed this Stipulation of Settlement Agreement freely and without duress, and have full authority to execute this Stipulation of Settlement and to perform the actions contemplated thereby.

29.    This Stipulation shall be submitted to the Hon. Sandra J. Feuerstein, United States District Judge, to be "so ordered", but whether or not "so ordered" by the Court shall, as among the Parties and their counsel, be deemed to constitute, be effective as, and shall be enforceable as an Order of the Court entered into in this Action.

30.    The United States District Court for the Eastern District of New York, Central Islip, shall retain continuing jurisdiction for purposes of implementing this Stipulation of Settlement and shall have the power to enter orders to effectuate the fair and orderly administration and consummation of its terms, as may from time to time be appropriate, and the resolution of any and all disputes, whether as to interpretation, enforcement, or to obtain damages or injunctive relief, arising hereunder. All Parties agree to subject themselves to the personal jurisdiction of the United States District Court for the Eastern District of New York,

13

Central Islip in connection therewith. Prior to bringing any such action in Court: (i) the Parties agree to submit any disputes or disagreements concerning the terms, interpretation, or enforcement of this Stipulation of Settlement to Mark E. Isserles, Esq., as Mediator and to JAMS, or if Mr. Isserles is not available, then to any other mediator acceptable to all parties; (ii) if the dispute is not resolved in mediation within forty-five (45) days of the date of any Party's notification of dispute is sent to Mr. Isserles/JAMS or any other mediator if Mr. Isserles is not available, and unless this period is extended by written agreement of all Parties thereto, then the Parties may proceed to initiate Court proceedings; and (iii) nothing herein shall prevent a Party from seeking injunctive and other provisional emergency relief from the Court prior to or during the period of mediation.

31.    If required by the Court, the Parties and their counsel agree to execute a Stipulation of Voluntary Dismissal pursuant to Fed. R. Civ. P. Rule 41, but notwithstanding any such voluntary dismissal, acknowledge and agree that the obligations of the Parties and their counsel arising under this Stipulation of Settlement shall survive any such voluntary dismissal.

32.    This Stipulation of Settlement may be executed in counterparts and by telecopier, facsimile or email, each of which shall be deemed to constitute a duplicate original hereof.

33.    This Stipulation of Settlement shall become effective on the date executed by the last signatory and shall be submitted to or filed with the Court when so executed.

**THE STABLES TOY MART AND GARDEN CENTER INC.**
By: _Ralph E Capurso_
Name: _Ralph E Capurso III_
Title: _Vice President_

STATE OF NEW YORK
COUNTY OF
        On the _16_ day of _November_ in the year _2016_ before me, the undersigned, personally appeared _Ralph Capurso III_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

MARIE ELENA RUDNICKI
Notary Public, State of New York
Qualified in Suffolk County
No. 01RU6267941
My Commission Expires 08-27-20 _20_

**JCNSL LLC**

By: _____

Name: _____

Title: _____

STATE OF NEW YORK
COUNTY OF

On the 22 day of _Nov_ in the year 2016 before me, the undersigned, personally appeared _John Cannarelli_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

**JOHN CANNARELLI**

STATE OF NEW YORK
COUNTY OF

Julia Pratt
Notary Public, State of New York
No 01PR6176071
Qualified in Suffolk County
Commission Expires 10/29/20

On the 22 day of _Nov_ in the year 201 before me, the undersigned, personally appeared _John Cannarelli_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

**BAY NURSERY CORP.**

By: _____

Name: _____

Title: _____

Julia Pratt
Notary Public, State of New York
No 01PR6176071
Qualified in Suffolk County
Commission Expires 10/29/20

STATE OF NEW YORK
COUNTY OF

On the 22 day of _Nov_ in the year 201 before me, the undersigned, personally appeared _John Cannarelli_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Julia Pratt
Notary Public, State of New York
No 01PR6176071
Qualified in Suffolk County
Commission Expires 10/29/20

762574.7

15

**STABLES GARDEN CENTER
OF EAST MORICHES, INC.**

By: _____

Name: _____

Title: _____

STATE OF NEW YORK
COUNTY OF

> Julia Pratt
> Notary Public, State of New York
> No 01RR6176071
> Qualified in Suffolk County
> Commission Expires 10/29/20

On the 22 day of Nov, in the year 2016 before me, the undersigned, personally John Cannarelli known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

**JARDEN ENTERPRISES INC.**

By: _____

Name: _____DANIEL CAPURSO_____

Title: _____PRES._____

STATE OF NEW YORK
COUNTY OF

On the 16 day of NOVEMBER in the year 2016 before me, the undersigned, personally appeared DANIEL CAPURSO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

> Notary Public
> JEFFREY D. POWELL
> Notary Public, State of New York
> No. 02PO5098458
> Qualified in Nassau County
> Commission Expires Feb. 22, 20 19

_____
DANIEL CAPURSO

STATE OF NEW YORK
COUNTY OF

On the 16 day of NOVEMBER in the year 2016 before me, the undersigned, personally appeared DANIEL CAPURSO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public
JEFFREY D. POWELL
Notary Public, State of New York
No. 02PO5098458
Qualified in Nassau County
Commission Expires Feb. 22, 20 19

Counsel for the parties execute this Stipulation of Settlement as to paragraph 12 only:

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

By: _____

Loretta M. Gastwirth, Esq.
190 Willis Avenue
Mineola, New York 11501
*Attorneys for Plaintiff The Stables Toy Mart and Garden Center, Inc.*

Dated: __11/17/16__

**ROSENBERG CALICA & BIRNEY LLP**

By: _____

Robert M. Calica, Esq.
100 Garden City Plaza, Suite 408
Garden City, New York 11530
*Attorneys for Defendants
JCNSL LLC and John Cannarelli*

Dated: __4/22/16__

**BRACKEN MARGOLIN BESUNDER LLP**

By: _____

Linda U. Margolin, Esq.
1050 Old Nichols Rd., Suite 200
Islandia, NY 11749
*Attorneys for Defendants Jarden Enterprises Inc. and
Daniel Capurso*

Dated: __11/16/16__

**SO ORDERED:**

_____
Sandra J. Feuerstein, U.S.D.J.

Dated: __12/8/2016__

762574.7                                    17

# EXHIBIT A

The Stables Toy Mart and
Garden Center Inc.

       -against-

JCNSL LLC, John Camarelli,
Jarden Enterprises Inc. and
Daniel Capurso

These are the principal terms of an agreement to be
memorialized in a full form agreement:

① Bay Garden defendants to use disputed URL
www. Stablesgardencenter .com until December 31, 2018.
        (i) Bay Garden defendants to immediately insert a disclaimer
        on the website disclaiming any relationship with Plaintiff
        (ii) Bay Garden defendants agree to immediately remove all
        use of the term 'Stables' in connection with the
        website, including Google AdWords and metatags

② The parties agree to incorporate reasonable restrictions on
Bay Gardens defendants use of the website to avoid liability
or harm to Plaintiff

③ Bay Garden defendants will execute
all documents reasonably required to transfer the URL by
December 31, 2018.

④ Plaintiff agrees that upon transfer of the URL, Plaintiff
shall not use, sell or assign or permit others to use
the URL.

                                    on social media
⑤ All references to "Stables" by Bay Gardens defendants shall
be discontinued immediately and the Bay Garden defendants
shall not further initiate any references to "Stables" on
social media provided however, that Bay Gardens defendants
have until July 1, 2017 to merge the Stables

Facebook page into the Bay Gardens Facebook page.

(6) Bay Gar All defendants to acknowledge that Plaintiff is the owner of the mark "Stables".

(7) Bay Garden defendants to immediately take steps to:
(a) terminate the stablesgardencenter@gmail.com email account,
(b) remove the physical exterior sign at the East Moriches location which includes the name Stables
(c) refrain from using the word "Stables" in any other aspect of their business, including answering telephones, reciepts, tags, etc

(8) Bay Garden defendants to remove from all print and media ads the phrase "formerly known as Stables of East Moriches" by December 31, 2016.

(9) Bay Garden defendants, until July 1, 2017, may state in their history section of www.baygardensny.com that they in 2015, they acquired Stables Garden Center of East Moriches.

(10) Bay Garden defendants will change or abandon the Stables Garden Center of East Moriches, Inc. corporate name to remove all references to "Stables".

(11) Non-disparagement of corporate entities in social media or advertising

(12) No admissions of liability except as provided in the settlement

(13) No dissemination to press and the parties' law firms will not promote or advertise the settlement

(14) So-Ordered settlement agreement

(15) The parties designate, appoint and constitute Mark Iserles as the arbitrator with full authority to resolve any disputes in connection with the full form agreement. drafting of the

(16) The parties agree to submit any disputes under the full form agreement to Mark Iserles and JAMS prior to any action to enforce the terms of this agreement.

(17) The full form agreement will includes releases from plaintiff to defendants and from defendants to plaintiffs other than the obligations arising under the settlement agreement.

(18) The parties shall endeavor to get the full form agreement drafted and executed promptly.

For
_[signature]_ Loretta

_[signature]_

_[signature]_ Gene Capurso

_[signature]_

Linda L. Margolin
Bracken Margolin Besunder LLP
attorneys for Dan Capurso
and Jordan Enterprise LLC

_[signature]_ Robert J. Colica
Attorneys for defendant
John Cennerelli &
JCNSL, LLC

_[signature]_ John Cennerelli

_[signature]_ JCNSL LLC by John Cennerelli

_[signature]_ Dan Capurso indiv
and as President Jordan
Enterprises, LLC